IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| LUIS ENRIQUE GUZMAN-TAVERES | : | NO. 14-0059 |

## ORDER

**AND NOW,** this 25th day of July, 2014, upon consideration of defendant's Motion to Dismiss Indictment (ECF Document 20) and the government's Response thereto (Doc. 21), and following a hearing yesterday on the motion, it is hereby **ORDERED** that defendant's Motion to Dismiss Indictment (Doc. 20) is **DENIED** for the reasons that follow.

1. Defendant contends that the indictment in this case charging defendant with a violation of 8 U.S.C. § 1326(a), (b)(2) due to unlawful reentry into the United States after deportation and removal is barred by the applicable statute of limitations, *see* 18 U.S.C. § 3282(a). Section 3282(a) requires the indictment within 5 years after commission of the offense. Here, defendant was indicted in January of 2014.

2. Under *United States v. DiSantillo*, 615 F.2d 128 (3d Cir. 1980), an alien may not be indicted under § 1326 more than 5 years after he entered the United States through an official port of entry when the immigration authorities have a record of when he entered or attempted to enter. *Id.* at 137. If no record is possible because the entry was surreptitious and not through an official port of entry, the alien is "found" when his presence is first noted by the immigration authorities. *Id.*

1

    3. Citing *DiSantillo*, defendant contends that the 5-year statute of limitations began to run in this case in 1997 when he asserts he reentered the United States through a recognized port of entry and provided immigration officials with documentation bearing the same name under which he had been deported two months prior.  *See* Def.'s Mot. to Dismiss ¶ 22. However, defendant is unable to point to any evidence that he reentered the United States through an official port of entry, let alone when he did so or that he did so "with documentation bearing the same name and other identifying information under which he had been deported," *see* Def.'s Mot. to Dismiss ¶ 22.  Moreover, the government has met its burden of showing that defendant was indicted within 5 years after he was "found" - that is, when his presence was first noted by the immigration authorities, *see DiSantillo*, 615 F.2d at 137.

    4. In addition, defendant argues that the indictment should be dismissed pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution.  *See* Def.'s Mot. to Dismiss ¶¶ 16, 24.  In *United States v. Gouveia*, 467 U.S. 180 (1984), the Supreme Court observed that "the Fifth Amendment requires the dismissal of an indictment, even if it is brought within the statute of limitations, if the defendant can prove that the Government's delay in bringing the indictment was a deliberate device to gain an advantage over him and that it caused him actual prejudice in presenting his defense." *Id.* at 192 (citing *United States v. Lovasco*, 431 U.S. 783, 788-89 (1977)).  Here, there is a lack of evidence to support defendant's speculation that the government's pre-indictment delay in this case was a deliberative device to gain an advantage over defendant and that it caused him actual prejudice in presenting his defense.  *See id.* (citing *Lovasco*).

2

**WHEREFORE,** defendant's Motion to Dismiss Indictment (Doc. 20) is **DENIED**.

BY THE COURT:

*/s/ L. Restrepo*

L. FELIPE RESTREPO
UNITED STATES DISTRICT JUDGE